UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL F. SHEDLOCK,<br>    Plaintiff, | )<br>)<br>) |
| V. | )   CIVIL ACTION NO. 10-11249-WGY |
| | ) |
| MASSACHUSETTS DEPARTMENT OF<br>CORRECTION, ET AL.,<br>    Defendants. | )<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

YOUNG, D.J.

On July 19, 2010, Plaintiff Paul F. Shedlock ("Shedlock"), a civilly committed resident at the Nemansket Correctional Center in Bridgewater, Massachusetts, filed a self-prepared civil rights Complaint alleging violations of the Fourteenth Amendment under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, and the Massachusetts Civil Rights Act, by a number of Defendants.  These Defendants include the Massachusetts Department of Correction; Harold W. Clarke, Commissioner; Michael Corsini, Superintendent; Bernard Brady, Deputy Superintendent; John Luongo, Deputy Superintendent; Nelson Julius, Director of Security; and Walter Benjamin, Lieutenant.

Shedlock alleges that he is a disabled person and that the Defendants have refused to make reasonable accommodations as required by law.  Specifically, Shedlock contends he requires a wheelchair, and, for more than a year, has been unable to find wheelchair accessible seating in the Inmate Dining Room ("IDR").  Shedlock has made several administrative attempts to resolve this problem, to no avail.  He claims he was advised that there had been a determination that the seating in the IDR was adequate and that no accommodations were needed.

On July 7, 2010, Shedlock attempted to have breakfast in the IDR but was unable to find a wheelchair accessible seat. He asked for a meal to be prepared to take back to his housing unit, and his request was refused by Defendant Benjamin. Shedlock contends that he is routinely deprived of his meals because of the Defendants' failure to make reasonable accommodations for him, and because the responsible administrators have failed to exercise their duties to intervene and take remedial action.

Shedlock seeks a permanent injunction prohibiting the Defendants from depriving him of wheelchair accessible seating in the IDR (thereby depriving him of food). He also seeks an Order prohibiting Defendants from ordering health care providers to alter, change, or discontinue any of his special needs/medical restrictions. Finally, he seeks monetary damages.

Along with his Complaint, Shedlock filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2), a Motion for Service of Process (Docket No. 3), and a Motion for Court Order (Docket No. 4).

DISCUSSION

I.      The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Shedlock's financial affidavit, this Court finds that he has demonstrated sufficiently that he lacks funds to pay the $350.00 filing fee for this action. Accordingly, his Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u>.[1]

---

[1] Because Shedlock is not a "prisoner" as defined by 28 U.S.C. § 1915(h), no initial partial filing fee is assessed and he is granted a waiver of the entire filing fee.

II.     The Motion for Service

Shedlock seeks an Order directing the United States Marshal Service to effect service of process on the Defendants without costs. The Court ALLOWS the Motion for Service (Docket No. 3) because Shedlock is proceeding *in forma pauperis*; however, the Court will require the United States Marshal Service to advance the costs of service.

III.    Motion for Court Order

Shedlock seeks an Order to permit him to use inter-institutional and institutional mail to serve his complaint and other pleadings, in an effort to minimize his postage costs. The Motion for Court Order (Docket No. 4) is DENIED, for lack of good cause. Although Shedlock alleges this would not be burdensome on the Defendants, the Court will not interfere with the management of, or regulations concerning institutional mail, particularly where the Order to the United States Marshal to effect service of process appears to be an adequate solution to minimize Shedlock's expenses in connection with service of process.

IV.     Order for Issuance of Summonses

In light of the above, and upon a preliminary screening pursuant to 28 U.S.C. § 1915(e), this Court will permit this case to proceed at this time, in accordance with the directives contained in this Memorandum and Order.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.  Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is ALLOWED;

2.  Plaintiff's Motion for Service of Process in ALLOWED to the extent that the United States Marshal Service is ordered to advance the costs of service;

3.  Plaintiff's Motion for an Order (Docket No. 4) is DENIED;

4. The Clerk shall issue summonses as to all of the Defendants; and

5. The Clerk shall send the summonses, Complaint, and this Order to the Plaintiff, who must thereafter serve the Defendants in accordance with Federal Rule of Civil Procedure 4(m). The Plaintiff may elect to have service made by the United States Marshal. If directed by the Plaintiff to do so, the United States Marshal shall serve the summons(es), Complaint, and this Order upon each Defendant, in the manner directed by the Plaintiff, with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the Plaintiff shall have 120 days from the date of this Order to complete service.

SO ORDERED.

/s/ William G. Young
UNITED STATES DISTRICT JUDGE

DATED: August 19, 2010